RECEIVED
JAN - 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-60012-01 |
| VS. | JUDGE DOHERTY |
| ANTONIO DECARLO GREEN<br>a/k/a Tony Green | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION
## ON MOTION IN LIMINE AND MOTION FOR PRODUCTION
## OF CONFIDENTIAL INFORMANT INFORMATION
*(Rec. Doc. 36)*

Before the court are two motions filed by defendant Antonio Decarlo Green: 1) a motion in limine seeking an order precluding the introduction of other crimes evidence; and 2) a motion for production of the identity of the confidential informant.[1] The government opposes the motions.[2]

### *Background*

On March 3, 2005, Green was arrested by officers of the Opelousas Police Department on a state arrest warrant "for drug trafficing (sic)."[3] It is unclear what specific charges were involved, and there is no copy of the arrest warrant in the record. A search was conducted in connection with this arrest and Green was found in possession of a small plastic bag of marijuana. He was also carrying a receipt from Bayou State Pawn for the purchase of a pistol on

---

[1] Rec. Doc. 36 (motion ) and 34 (memorandum in support).

[2] Rec. Doc. 39.

[3] "Opelousas Police Department Incident Report" dated March 15, 2005, a copy of which was given to defense counsel on October 20, 2005, as part of the government's response to discovery. The undersigned magistrate judge obtained a copy of the discovery responses in order to address the issues presented herein, and a copy will be filed under seal along with this Report and Recommendation.

2

February 8, 2003 by Ignatius Henry, Jr.[4] No charges have been brought against Green in connection with either the marijuana or the gun receipt.

The federal grand jury issued the instant indictment seven days after Green's arrest, on March 10, 2005. The indictment charges Green with two counts: distribution of approximately 151 grams or more of crack cocaine, and use of a communication facility, i.e., a cellular telephone, in facilitating the distribution of cocaine base.[5] The crimes allegedly took place two years before the indictment, on March 26, 2003.

Green has only one previous conviction. On July 11, 1994, Green plead guilty to possession of cocaine in the 27th JDC, Parish of St. Landry, Louisiana, and was sentenced to three years' probation. Green successfully completed service of this probated sentence.

Green appeared before the undersigned magistrate judge on March 15, 2005 for an initial appearance and arraignment. The government moved for detention pending trial, and the court noted that under the Bail Reform Act, there was a presumption against Green's release because he was charged with a serious drug offense. At the detention hearing on March 22, 2005, Green was released on a $50,000 unsecured bond with conditions of release. The undersigned found that Green had close ties to his family; no history of failure to appear; and a history of successful completion of a three-year probated sentence in connection with his only previous conviction. Green has been free on bond since March 22 with no reported difficulties.

---

[4] See p. 48 of the government's October 20, 2005 discovery responses.

[5] Rec. Doc. 1.

*Motion in Limine*

On October 20, 2005, the government provided to defense counsel a number of documents responsive to defendant's discovery requests. On November 3, 2005, the government produced documents related to Green's 1994 conviction.

Green's Motion in Limine purportedly seeks to exclude at trial everything contained in the government's discovery responses: "[T]he information that is provided in the October 20, 2005 discovery is immaterial and irrelevant and therefore the defendant request that it be excluded along with any other crimes evidence."[6] Although Green's motion is stated in broad terms, the attached memorandum clarifies that only three things are at issue in the motion in limine: evidence related to 1) Green's 1994 conviction for possession of cocaine; 2) Green's alleged possession of marijuana at the time of his arrest on March 3, 2005 by the Opelousas City Police; and 3) Green's alleged possession of a receipt from Bayou State Pawn for the purchase of a pistol on February 8, 2003 by Ignatius Henry, Jr.[7]

Green argues that evidence in question should be excluded under Federal Rules of Evidence 403 and 404(B). The government responds that the evidence is admissible because the prior conviction and marijuana found during the arrest show that Green had the requisite intent to commit the crime in the instant case. The government also argues that the marijuana and gun receipt found on Green during his arrest are part of the facts and circumstances surrounding the arrest and are, therefore, admissible.

Rule 404(b) of the Federal Rules of Evidence states as follows:

---

[6] Rec. Doc. 36.

[7] See p. 48 of the government's October 20, 2005 discovery responses.

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Fifth Circuit has established a two-part test for determining the admissibility of 404(b) evidence: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character; and 2) whether the evidence possesses probative value that is not substantially outweighed by undue prejudice . United States v. Beechum, 582 F.2d 898 (5th Cir.1978) ( *en banc* ), *cert. denied,* 440 U.S. 920, 59 L.Ed.2d 472, 99 S.Ct. 1244 (1979); *see also* United States v. Williams, 900 F.2d 823, 825-27 (5th Cir.1990). Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Additionally, the Fifth Circuit has explained:

> Where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses. The reasoning is that because the defendant had unlawful intent in the extrinsic offense, it is less likely that he had lawful intent in the present offense.

Beechum, 582 F.2d at 911.

With respect to Green's 1994 conviction and the alleged marijuana possession on March 3, 2005, the undersigned concludes that such evidence satisfies the requirements of Rule 404(b). Green is charged with distribution of cocaine. Evidence of a prior conviction for possession of cocaine, and evidence that Green was in possession of marijuana at the time of his

recent arrest are relevant to criminal knowledge and intent – issues other than the defendant's character. *See* United States v. Bermea, 30 F.3d 1539, 1562 (5th Cir.1994) (noting that the Fifth Circuit has "frequently held in drug offense cases that evidence of a defendant's extrinsic drug offenses is admissible"). Additionally, Green fails to show that the probative value of the evidence is substantially outweighed by undue prejudice.[8]

Regarding the gun receipt, Green requests, "That any information about a gun be excluded."[9] As discussed above, when he was arrested on March 3, 2005, Green had in his possession a receipt showing that on February 8, 2003, one "Ignatius Henry, Jr." purchased a pistol from Bayou State Pawn. The government has not addressed the probative value of this evidence. Clearly, such evidence is prejudicial, and absent any evidence connecting Green to Ignatius Henry, Jr., or the gun purchase, the evidence should be excluded for lack of relevance or, alternatively, under Rule 403.[10] Accordingly, the undersigned concludes that the motion in limine should be granted as to the gun receipt at this time. If, at trial, the government establishes relevance and probative value under Rule 403, the Court may, of course, allow the evidence at that time.

---

[8] Although Green has not been convicted of possession of marijuana, the court is not required to address that issue at this time. In Huddleston v. United States, 485 U.S. 681, 689, 108 S.Ct. 1496, 1501, 99 L.Ed.2d 771 (1988), the Court held that a district court is not required to make a preliminary finding of fact that an alleged extrinsic offense or act has been proved by the government by a preponderance of the evidence. If, after introduction of the evidence, the court determines that the jury could not reasonably find that the alleged extrinsic act occurred by a "preponderance of the evidence," the court must instruct the jury to disregard the evidence. Id. at 690.

[9] Rec. Doc. 36.

[10] Fed. R. Evid. Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*Motion for production of confidential informant information*

Green seeks disclosure of the identity of the government's confidential source (CS) who allegedly purchased eight cookies of crack cocaine from defendant on March 26, 2003. The government has given defendant copies of audio cassettes and a CD which were recorded by the Opelousas Police Department regarding the drug transaction[11]:

> Exhibit N-15: Audio cassette tape of one telephone call between CS and Green recorded 3-25-03 at 1:28 p.m.
>
> Exhibit N-16: Audio micro cassette tape of five telephone calls between CS and Green recorded 3-26-03
>
> Exhibit N-17: Audio cassette tape of drug transaction between CS and Green recorded 3-26-03
>
> Exhibit N-18: Digital audio recording on compact disc of drug transaction between CS and Green recorded 3-26-03

The government has also turned over various reports, including the Report of Investigation filed by Drug Enforcement Agent Donald DeSalvo.[12] Agent DeSalvo's report states that the cost of the transaction was $1,600.00. After the monitored drug purchase, the CS was searched and interviewed, and agents were given eight individually wrapped clear plastic bags of white substance which tested positive for crack cocaine.

Green seeks the identity of the CS so that counsel can adequately cross-examine the CS at trial. The government opposes the motion on grounds that it is not obligated to disclose the identities of informants or sources at this time and defendant is not entitled to an advance look at the government's witness list.

---

[11] *See* Sealed Attachment A pps. 25-33.

[12] *See* Sealed Attachment A pps. 34-38.

Defendants are not entitled to the government's witness list under the applicable rules and jurisprudence. Moreover, the government is entitled to a privilege protecting the identities of its informants under Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 627 (1957). Roviaro recognized the right of the government to withhold the identity of informants absent a finding that the disclosure of an informant's identity "is relevant and helpful to the defense . . . or is essential to a fair determination of a cause . . ." Id. at 60-61. *See also* United States v. Sanchez, 988 F.2d 1384, 1391 (5th Cir. 1993).

As noted, Green already has been provided with audio recordings of his conversations with the CS made between March 24 and March 26, 2003. He has also been provided with voluminous other documentation, including a detailed DEA "Report of Investigation" which describes the exact place, time, and circumstances surrounding the CS's alleged purchase of eight cookies of crack cocaine from Green on March 26, 2003.[13] Although Green mentions the two-year time lag between the date of the alleged offenses and the date of his arrest, he does not claim to be ignorant of the CS's identity. Green fails to show that the affirmative identification of the CS will significantly aid in establishing a defense or is otherwise essential to a fair determination of the case. *See* U.S. v. De Los Santos, 810 F.2d 1326, 1332-33 (5th Cir. 1987) (no abuse of discretion in withholding informant's identity because informant's safety would be at risk, informant's usefulness in several ongoing investigations would be jeopardized, and informant's testimony would not have aided defendant in establishing defense).

The government has acknowledged its obligation to identify the CS's identity at, or prior to trial:

---

[13] *See* Sealed Attachment A pps. 25-33.

The Government has also advised defense counsel and is aware that revealing the identity prior to or at trial would be necessary. Still, the defense is not entitled to an advance look at the Government's witness list, CI or not.[14]

Furthermore, this court's Scheduling Order requires production by the government, seven days prior to trial, of exculpatory evidence under Brady, and specific information regarding potential witnesses. In the event the government intends to call the CS as a witness, or in the event there is any exculpatory evidence related to the CS, the government will be required to produce the following information:

**(c) Not less than seven (7) days prior to trial:**

(1) The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), and Kyles v. Whitley, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

(2) The government shall disclose to the defendant the existence and nature of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

(3) The government shall supply the defendant with a record of prior convictions of any informant who will testify for the government at trial.

(4) The government shall have transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this case.[15]

Considering the foregoing, the undersigned concludes that Green has not shown that his motion for production of CS information is necessary in light of the jurisprudence and the foregoing orders already entered.

---

[14] Rec. Doc. 39, p. 2, Government's Opposition to Defendant's Motion In Limine.

[15] Rec. Doc. 24, 37.

*Conclusion*

Considering the briefs filed by the parties and the applicable law the following recommendations and orders are entered:

**IT IS RECOMMENDED** that Green's Motion in Limine to Prevent Introduction of Other Crimes Evidence be **GRANTED as to the evidence of the gun receipt AND DENIED as to the 1994 conviction and the alleged marijuana possession on March 3, 2005.**

**IT IS RECOMMENDED** that Motion to Require Identity of CS/Motion to Produce NCIC of CS be **DENIED**.[16]

**IT HEREBY IS ORDERED** that the government's October 20, 2005 discovery responses and the government's November 3, 2005 letter attaching Green's prior conviction records be **FILED UNDER SEAL** as "Attachment A" and "Attachment B," respectively, to this Report and Recommendation.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

---

[16] Rec. Doc. 34, 36.

**Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on January 6, 2006.

COPY SENT:
DATE: 1-9-06
BY: OB
TO: MEM
RFD / ms

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)